**Donna STEVENS, a minor, by her Father and Next Friend, Truman STEVENS, Plaintiff-Appellant,**

v.

**Linda SCOTT, Defendant-Respondent.**

No. 49831.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 28, 1986.

Motion for Rehearing and/or Transfer Denied March 11, 1986.

Application to Transfer Denied April 15, 1986.

George R. Ripplinger, Clayton, for plaintiff-appellant.

Daniel T. Rabbitt, Gary E. Snodgrass, Charles E. Reis, IV, St. Louis, for defendant-respondent.

SMITH, Judge.

Plaintiff appeals from an order of the trial court sustaining defendant's motion for summary judgment in a personal injury action arising from an automobile accident.[1]

Plaintiff is the daughter of defendant. She was allegedly injured while riding in an automobile with defendant when plaintiff was nine years old. Defendant and plaintiff's father had been divorced in March, 1975, and defendant had been awarded custody of the three children of the marriage, including plaintiff. However, defendant had not exercised her right to custody and the plaintiff had resided regularly with her father from the time of the divorce. Prior to the accident, plaintiff had been visiting with her mother for from one to three months. Defendant was involved in the

---

1. The matter was before us previously. We dismissed the appeal for lack of a final judgment because of the pendency of a count against another defendant. That count has now been dismissed with prejudice.

accident while driving to the father's residence in Illinois to return the plaintiff from this visit. The summary judgment was granted on the basis of parental immunity from suit for negligence resulting in injury to an unemancipated child.

Plaintiff relies upon the exception to parental immunity set forth in *Fugate v. Fugate*, 582 S.W.2d 663 (Mo. banc 1979). That case recognized an exception where the suit was against a non-custodial parent. It arose in the context of a wrongful death action by the child for the death of her custodial parent—the mother—caused by the negligence of the non-custodial father. We do not find it necessary to resolve here the interesting question of whether the rationale of *Fugate* authorizes suit against the legal custodian who is not the actual custodian.

In *Fugate* the death arose from negligent conduct of the father not arising from performance of his duties as a parent and caused personal injury and death to one other than the child. The court recognized this aspect of the case and stated:

> "We are also cognizant of the fact that a noncustodial parent must perform parental duties of care, discipline, etc., when the child is in that parent's temporary custody, and that the relative rights and duties of the parties may result in a modification or denial of recovery when the injury arises out of the performance of such duties." l.c. 669.

That statement is in keeping with established law that a parent is not liable for injuries sustained by an unemancipated child through the negligence of the parent while acting within parental authority or duty. *Baker v. Baker*, 364 Mo. 453, 263 S.W.2d 29 (1953). Defendant here was returning plaintiff to the residence of the father after a lengthy visit. She was performing a duty as plaintiff's parent. As such she had parental immunity for injuries sustained by plaintiff as a result of defendant's negligence. The trial court correctly entered judgment for defendant.

Defendant's motion to strike a portion of the legal file is moot following a stipulation withdrawing the document challenged. Defendant's motion to dismiss the appeal is denied.

Judgment affirmed.

CARL R. GAERTNER and SNYDER, JJ., concur.